IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS R. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-00149 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| NATIONAL COLLEGE OF | ) | |
| TENNESSEE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M**

Plaintiff, Thomas R. Burton, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendant National College of Tennessee, Inc., his former employer. Plaintiff, a former part-time and adjunct faculty member, asserts a claim under Tennessee law that he was terminated in retaliation for his jury service. Plaintiff also asserts a related claim that he was demoted as department chair and was not scheduled for certain classes due to his jury service.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 14) contending, in sum, that the Defendant paid Plaintiff for his jury service, but terminated Plaintiff for his false statements requesting pay for jury service that he did not perform and for class preparation for which the Defendant does not compensate. Plaintiff filed his response.

After review of the parties' motion papers and the undisputed facts, the Court concludes that the Defendant's motion for summary judgment should be granted.

1

## A. Findings of Fact[1]

National College provides degree programs in career-oriented fields of study for day and evening students to accommodate their work schedules. (Docket Entry No. 16 at ¶ 1 and Docket Entry No. 17-2, Moore Declaration at ¶¶ 5, 6). Classes are in ten-week terms with class schedules posted five weeks in advance of each new term to facilitate students' planning and class selection. (Docket Entry No. 17-2, Moore Declaration at ¶ 6). National College prioritizes scheduling classes required by students who are scheduled to graduate that term. Id. at ¶ 7. National College then sets classes to meet the needs of students who are expected to graduate the following term. Id. This process continues to ensure timely graduation. Id.

Once the schedule is set, National College matches instructors with each class. Id. at ¶ 9. Adjunct instructors are employed for their "real world" experience. Id. An adjunct instructor's classes are determined by each term, and the instructors are not committed to teach in future terms. Id. at ¶ 10. National College maintains a pool of qualified instructors to offer classes regardless of the changing availability of its adjunct instructors. Id. at ¶ 9. National College's adjunct instructors are paid on an hourly basis for actual classroom instruction. (Docket Entry No. 17-1, Burton Deposition at 25-26). National College provides additional pay for other assigned duties, such as service as a campus department chair. (Docket Entry No. 17-2 at ¶ 12). Department chairs are

---

[1]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d).

appointed each term and are paid for attending administrative meetings and student consultations. Id.

In May 2008, National College employed Plaintiff as a part-time, adjunct instructor in accounting. (Docket Entry No. 17-1, Exhibit 9). Plaintiff began teaching at National College's Madison, Tennessee campus, but later at the Defendant's Nashville campus. Id. at 24-25. Plaintiff submitted timesheets of his actual classroom instruction. Id. at 26. Patrick Patterson, Madison campus director, appointed Plaintiff as department chair of the accounting department at the Madison campus. Id. at 24. At his election, Plaintiff began teaching exclusively at the Nashville campus from late December 2011 through February 2012.

After a change in its financial condition, and to reduce expenses, National College consolidated departments and their chairs at the Nashville campus.(Docket Entry No. 17-1, Plaintiff's Deposition at 78, 101; Id. at Exhibit 13). On November 1, 2012, Patterson announced the consolidation of four departments and their department chairs, including Business and Accounting department that would be consolidated to a single department chair. The Business and Accounting departments were deemed a natural fit for consolidation, absent an increase in enrollment, . Effective November 2012, Plaintiff was no longer Chair of the Accounting Department and George Huffman, the former Business chair, became chair of the consolidated Business/Accounting department. (Docket Entry No. 17-2, Moore Declaration ¶ 14). Huffman's qualifications included ten (10) years as a National College instructor and service as the College's academic dean. Id. at ¶ 14.

On September 26, 2012, Plaintiff informed Patterson of his selection to serve on the Davidson County, Tennessee grand jury. Patterson assured Plaintiff that he would cover Plaintiff's two courses, if Plaintiff were unavailable given his jury service. Patterson told Plaintiff that National

3

College did not pay for jury duty for adjunct faculty because they were not full-time employees, but that he would inquire about the issue and report to Plaintiff. (Docket Entry No. 17-1, Plaintiff's Deposition at 94; Id. at Exhibit 11).

Patterson then notified Cyndee Perdue Moore, National College's vice president for the Tennessee region, about payment for Plaintiff's grand juror duty service and requested a copy of National College's policy. Moore stated that National College jury duty policy did not pay for any days missed by part-time faculty, but would provide substitute instructors. (Docket Entry No. 17-1, Plaintiff's Deposition at 42-44). Later, after learning of Tennessee law required pay for jury duty by part-time employees, National College paid Plaintiff for the missed teaching classes due to his jury service. (Docket Entry No. 17-4, Letter). National College also changed its written policy to reflect Tennessee law. (Docket Entry No. 17-2, Moore Declaration ¶ 27).

In late September or early October, National College scheduled its course offerings and instructors. Plaintiff was assigned two classes from November 26, 2012 to February 9, 2013. Plaintiff admits that National College was not required to schedule him for these classes given his jury service and the College did not alter its course schedule based upon Plaintiff's availability. Defendant scheduled Plaintiff for two classes for Term 131 when Plaintiff was available. (Docket Entry No. 17-1, Plaintiff Deposition at 124; Id. at Exhibit 11).

In October 2012, Plaintiff reported his jury duty hours and the hours of his actual classroom instruction when he was on jury duty. Id. at 109; Id. at Exhibit 18. Patterson refused to approve Plaintiff's timesheets until the entries for those jury duty hours were removed. Id. Patterson also told Plaintiff he was unable to approve hours that Plaintiff was not teaching. On his November 30, 2013 timesheet, Plaintiff reported his class instruction hours and "class prep time." Id. at 109; Id. at

4

Exhibit 18. Plaintiff's November 30th timesheet also listed hours as jury duty for days when Plaintiff was not scheduled to teach. In effect, Plaintiff sought pay for jury duty and class instruction.

After Patterson left National College, Moore reviewed Plaintiff's instruction timesheets. (Docket Entry No. 17-2, Moore Declaration ¶ 18). Moore rejected Plaintiff's November 30, 2012 timesheet for "class prep" hours and jury duty days when Plaintiff was not teaching. Moore instructed Plaintiff that his timesheets were to be submitted only those hours spent on actual teaching. Id. at ¶ 19; Docket Entry No. 17-1, Plaintiff's Deposition at 56, Exhibit 18). On his December 14, 2013 timesheet, Plaintiff again listed jury hours, class instruction hours as well as hours for his work on syllabi, and jury service on days when he was not scheduled to teach. Id. On December 14, 2012, National College terminated Plaintiff's employment citing his time reports and failures to follow specific directives from two supervisors. (Docket Entry No. 17-1, Plaintiff's Deposition at 61-62; Docket Entry No. 17-2, Moore Declaration ¶¶ 23, 24).

## B. Conclusions of Law

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes and this section constitutes finding of facts under Fed. R. Civ. P. 56.

For his claims for retaliatory discharge, Plaintiff must present a prima facie showing: (1) that

he was an employee at-will; (2) that he was discharged; (3) that his attempt to exercise a statutory or constitutional right or other right that violates a clear public policy was a reason for his discharge; and (4) that Plaintiff's exercise of protected rights or compliance with a clear public policy was a substantiated factor in his termination. Davis v. Marshall County Ambulance Servs., 913 F. Supp. 2d 545, 555 (M.D. Tenn. 2012). Plaintiff's proof must also demonstrate a causal link between alleged protected activity and the discharge. Counce v. Ascension Health, No. M2009-00741-COA-R3-CV, 2010 Tenn. App. LEXIS 178, at *16, n.6 (Tenn. Ct. App. Mar. 8, 2010). Plaintiff's proof for retaliatory discharge must be "compelling" evidence. Thomason v. Better-Bilt Aluminum Prods., Inc., 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992). The cited conduct's proximity in time is insufficient. Id.

The undisputed facts are the for a period of several months, Plaintiff submitted timesheets for actual class hours and his state jury service hours, unrelated to any teaching hours, on his November 30 and December 14 timesheets. Plaintiff also sought compensation for "class prep time" or working on syllabi, and hours for jury service on days when Plaintiff was not scheduled to teach. These improper requests for compensation caused Plaintiff's termination of his employment with National College. The legitimate consolidation of departments caused Plaintiff's loss of his duties as a departmental chair.Based on these undisputed facts, the Court concludes that Plaintiff lacks proof of a causal connection between his termination and his jury service. Plaintiff also cannot prove that National College lacked legitimate and nondiscriminatory reasons for his termination

. Accordingly, the Court concludes that Defendant's motion for summary judgment should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the  1st  day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court